UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY EDWARD PETTY,

    Petitioner,

vs.

JO GENTRY, *et al.,*

    Respondents.

Case No. 2:16-cv-02105-RFB-NJK

**ORDER**

    This habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's application (ECF No. 1) to proceed *in forma pauperis*, on his motion (ECF No. 3) for appointment of counsel, and for initial review under Rule 4 of the Rules Governing Section 2254 Cases. Petitioner subsequently paid the filing fee, and the Court therefore will deny the pauper motion without prejudice as moot and proceed to initial review.

    Following initial review, it appears that the Court lacks jurisdiction over the petition because it constitutes a successive petition. Petitioner therefore will be directed to show cause why the petition should not be dismissed without prejudice for lack of jurisdiction.

    Petitioner Anthony Edward Petty seeks to set aside his January 8, 2001, Nevada state judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon. He is serving two consecutive sentences of life with the possibility of parole after twenty years on each sentence.

    Petitioner previously sought federal habeas relief in this Court challenging the same January 8, 2001, judgment of conviction in *Petty v. Schomig*, No. 2:04-cv-00947-RLH-LRL. The Court dismissed that prior petition on the merits on March 20, 2006, and the Court of Appeals denied a certificate of appealability on December 26, 2006.

Review of the online records of the state district court reflects that there have been no intervening amended or corrected judgments of conviction filed in that court subsequent to the January 8, 2001, judgment.[1]

Petitioner asserts in response to the pertinent inquiry in the federal petition form that he has not obtained permission to file a successive petition from the Court of Appeals. (ECF No. 1-1, at 2.) The claims in the current petition clearly challenge the January 8, 2001, conviction.

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *E.g., Burton v. Stewart*, 549 U.S. 147, 149 & 152-53 (2007). In the present petition, petitioner seeks to challenge the same judgment of conviction that he previously challenged in No. 2:04-cv-00947. The present petition constitutes a second or successive petition because that prior petition was dismissed on the merits. *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005). Petitioner accordingly must show cause why the petition should not be dismissed for lack of jurisdiction as a successive petition.

Turning to the motion for appointment of counsel, the Sixth Amendment right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require." The decision to appoint counsel lies within the discretion of the court; and, absent an order for an evidentiary hearing, appointment is

---

[1] The Court takes judicial notice of its records in the prior action filed in this Court by petitioner as well as of the online docket records of the Eighth Judicial District Court for the State of Nevada. *See Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). The online docket records of the state district court may be accessed from:

https://www.clarkcountycourts.us/Anonymous/default.aspx

1 mandatory only when the circumstances of a particular case indicate that appointed counsel
2 is necessary to prevent a due process violation. *See, e.g., Chaney v. Lewis*, 801 F.2d 1191,
3 1196 (9th Cir.1986).

The Court does not find that the interests of justice require the appointment of counsel herein. Petitioner has demonstrated an adequate ability to address the potential issues presented in this case proceeding in proper person. The Court further is not persuaded that appointment of counsel is required or warranted for petitioner to respond to the order to show cause. Petitioner must respond to the show-cause order *pro se* without counsel.

IT THEREFORE IS ORDERED that petitioner's application (ECF No. 1) to proceed *in forma pauperis* is DENIED without prejudice as moot following upon petitioner's payment of the filing fee.

IT FURTHER IS ORDERED that petitioner's motion (ECF No. 3) for appointment of counsel is DENIED.

IT FURTHER IS ORDERED that the Clerk of Court shall file the petition[2] and that, within **sixty (60) days of entry** of this order, petitioner shall SHOW CAUSE in writing why the petition should not be dismissed for lack of jurisdiction as a successive petition. **If petitioner does not timely respond to this order, the petition will be dismissed as a successive petition without further advance notice.**

IT IS FURTHER ORDERED that all assertions of fact made by petitioner in response to this show-cause order must be detailed, must be specific as to time and place, and must be supported by competent evidence. The Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence filed by petitioner in the federal record. Petitioner thus must attach copies

---

[2] Nothing herein suggests that the current petition is free of other deficiencies, including, but not limited to untimeliness under 28 U.S.C. § 2244(d).

of all materials upon which he bases his argument that the petition should not be dismissed as a successive petition. Unsupported assertions of fact will be disregarded.

DATED this 29th day of September, 2017.

_____
RICHARD F. BOULWARE, II
United States District Judge