UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY EDWARD PETTY,

*Petitioner*,

vs.

JO GENTRY, *et al.,*

*Respondents*.

Case No. 2:16-cv-02105-RFB-NJK

**ORDER**

This habeas matter under 28 U.S.C. § 2254 comes before the Court on a *sua sponte* inquiry as to whether the petition should be dismissed as a successive petition. This order follows upon the Court's earlier show-cause order and petitioner's response thereto. (ECF Nos. 5 & 8.)

### *Background*

Petitioner Anthony Edward Petty seeks to set aside his January 8, 2001, Nevada state judgment of conviction, pursuant to a jury verdict, of first-degree murder with the use of a deadly weapon. He is serving two consecutive sentences of life with the possibility of parole after twenty years on each sentence.

Petitioner previously sought federal habeas relief in this Court challenging the same January 8, 2001, judgment of conviction in *Petty v. Schomig*, No. 2:04-cv-00947-RLH-LRL. The Court dismissed that prior petition on the merits on March 20, 2006, and the Court of Appeals denied a certificate of appealability on December 26, 2006.

Review of the online records of the state district court reflects that there have been no intervening amended or corrected judgments of conviction filed in that court subsequent to the January 8, 2001, judgment.[1]

Petitioner asserts in response to the pertinent inquiry in the federal petition form that he has not obtained permission to file a successive petition from the Court of Appeals. (ECF No. 1-1, at 2.) The claims in the current petition clearly challenge the prior conviction.

### *Discussion*

Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, the petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *E.g., Burton v. Stewart*, 549 U.S. 147, 149 & 152-53 (2007).

In the present petition, petitioner seeks to challenge the same judgment of conviction that he previously challenged in No. 2:04-cv-00947. The present petition constitutes a second or successive petition because that prior petition was dismissed on the merits. *See, e.g., Henderson v. Lampert*, 396 F.3d 1049, 1052-53 (9th Cir. 2005).

In his show-cause response, petitioner does not directly contest that the present petition is a successive petition and that he has not obtained authorization from the Court of Appeals to pursue the petition. He instead contends that he can establish cause and prejudice to overcome a "procedural default" of the petition because he did not have the assistance of counsel in the state district court during his state post-conviction proceedings, relying upon *Martinez v. Ryan*, 566 U.S. 1 (2012).

The prior order directed petitioner to show cause why the petition should not be dismissed as a successive petition, not why any claim or claims should be dismissed as procedurally defaulted. The procedural default doctrine, and cause and prejudice under

---

[1] The Court took judicial notice in the show-cause order of its records in the prior action filed in this Court by petitioner as well as of the online docket records of the Eighth Judicial District Court for the State of Nevada. *E.g., Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012).

*Martinez*, have nothing to do with the threshold jurisdictional issue of whether a petition is subject to dismissal as a successive petition. Nothing in the prior order suggested that petitioner could overcome the jurisdictional bar to pursuit of a successive petition by demonstrating cause and prejudice instead under the procedural default doctrine.

On the record presented, there is no question that the petition must be dismissed for lack of jurisdiction because it is a successive petition. Petitioner cannot pursue a successive petition unless he first obtains authorization from the Court of Appeals by satisfying the criteria in 28 U.S.C. § 2244(b)(2), via an application filed in that court.

With regard to petitioner's second request for appointment of counsel in his letter (ECF No. 7), the Court reiterates its prior finding that the interests of justice do not require the appointment of counsel herein. (ECF No. 5, at 3.)

IT THEREFORE IS ORDERED that this action shall be DISMISSED without prejudice for lack of jurisdiction as a successive petition.

IT FURTHER IS ORDERED, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, that the Clerk of Court shall make informal electronic service upon respondents by adding Nevada Attorney General Adam P. Laxalt as counsel for respondents and directing a notice of electronic filing of this order to his office. **No further response is required from respondents other than to respond to any orders of a reviewing court.**

IT FURTHER IS ORDERED that a certificate of appealability is DENIED. Jurists of reason would not find the district court's dismissal of the successive petition without prejudice to be debatable or wrong, for the reasons discussed herein.

The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: May 1, 2018.

RICHARD F. BOULWARE, II
United States District Judge